**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and | ) | |
| INTELLECTUAL VENTURES II LLC, | ) | Civil Action No. 2:13-cv-00740-AJS |
| | ) | |
| Plaintiffs, | ) | U.S. District Judge Arthur J. Schwab |
| | ) | |
| v. | ) | **ELECTRONICALLY FILED** |
| | ) | |
| PNC FINANCIAL SERVICES GROUP, INC. | ) | |
| and PNC BANK, N.A., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS PNC FINANCIAL SERVICES GROUP, INC.'S AND PNC BANK, N.A.'S
ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS' COMPLAINT**

Pursuant to Rules 8, 12, and 13 of the Federal Rules of Civil Procedure, Defendants PNC

Financial Services Group, Inc. and PNC Bank, N.A. (collectively, "PNC") hereby respond to the

allegations set forth in the Complaint of Plaintiffs Intellectual Ventures I LLC and Intellectual

Ventures II LLC (collectively, "Intellectual Ventures") and assert counterclaims as follows:

**PARTIES**[1]

1.       Upon information and belief, PNC admits that Intellectual Ventures I LLC

("Intellectual Ventures I") is a Delaware limited liability company having its principal place of

business located at 3150 139th Ave SE, Bellevue, Washington, 98005.

2.       Upon information and belief, PNC admits that Intellectual Ventures II LLC

("Intellectual Ventures II") is a Delaware limited liability company having its principal place of

business located at 3150 139th Ave SE, Bellevue, Washington, 98005.

---

[1] For convenience and clarity, PNC's Answer uses the same headings as set forth in the
Complaint.  In so doing, PNC does not admit any of the allegations contained in Intellectual
Ventures' headings.

3.      PNC Financial Services Group, Inc. ("PNC Financial") admits that it is a Pennsylvania corporation with its principal place of business at 249 Fifth Avenue, One PNC Plaza, Pittsburgh, Pennsylvania, 15222.

4.      PNC Bank, N.A. ("PNC Bank") denies that it is a Pennsylvania corporation.  PNC Bank is a National Bank with its principal place of business at 249 Fifth Avenue, One PNC Plaza, Pittsburgh, Pennsylvania, 15222.

## JURISDICTION AND VENUE

5.      PNC admits that this action purports to arise under the patent laws of the United States, Title 35.  PNC admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.      PNC admits, for this action only, that venue is proper in this District under 28 U.S.C. §§ 1391(b)–(c) and 1400(b).  PNC admits that it does business in this District but denies the remaining allegations of paragraph 6.

## STATEMENT OF FACTS

7.      PNC denies that Intellectual Ventures has any meritorious claim for patent infringement of any claim of U.S. Patent Nos. 7,664,701 ("'701 Patent"), 7,603,382 ("'382 Patent"), 6,182,894 ("'894 Patent"), 8,083,137 ("'137 Patent"), or 7,757,298 ("'298 Patent").

8.      PNC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and therefore denies those allegations.

9.      PNC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and therefore denies those allegations.

10.     PNC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and therefore denies those allegations.

11.     PNC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and therefore denies those allegations.

12.     PNC admits that the Complaint purports to attach a true and correct copy of the '701 Patent, which states on its face that it issued on February 16, 2010, as Exhibit A.  PNC denies that the '701 Patent has the title set forth in paragraph 12 of the Complaint.  PNC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 and therefore denies them.

13.     PNC admits that the Complaint purports to attach a true and correct copy of the '382 Patent as Exhibit B.  PNC admits that the '382 Patent states on its face that it is titled "Advanced Internet Interface Providing User Display Access of Customized Webpages" and issued on October 13, 2009.  PNC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 and therefore denies them.

14.     PNC admits that the Complaint purports to attach a true and correct copy of the '894 Patent as Exhibit C.  PNC admits that the '894 Patent states on its face that it is titled "Systems and Methods for Authorizing a Transaction Card," but denies that the '894 Patent issued on February 2, 2001.  The '894 Patent states on its face that it issued on February 6, 2001. PNC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 and therefore denies them.

- 3 -

15.     PNC admits that the Complaint purports to attach a true and correct copy of the '137 Patent as Exhibit D.  PNC admits that the '137 Patent states on its face that it is titled "Administration of Financial Accounts" and issued on December 27, 2011.  PNC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 and therefore denies them.

16.     PNC admits that the Complaint purports to attach a true and correct copy of the '298 Patent as Exhibit E.  PNC admits that the '298 Patent states on its face that it is titled "Method and Apparatus for Identifying and Characterizing Errant Electronic Files" and issued on July 13, 2010.  PNC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 and therefore denies them.

17.     PNC is without knowledge or information sufficient to form a belief as to the truth of the allegation that Intellectual Ventures I is the owner and assignee of all right, title and interest in and to the '701, '382, '137, and '298 Patents.  PNC denies the remaining allegations of paragraph 17, which are conclusions of law.

18.     PNC is without knowledge or information sufficient to form a belief as to the truth of the allegation that Intellectual Ventures II is the owner and assignee of all right, title and interest in and to the '894 Patent.  PNC denies the remaining allegations of paragraph 18, which are conclusions of law.

19.     PNC admits that it provides online banking services and other systems and services via electronic means.  PNC denies that it infringes one or more claims of the '701, '382, '894, '137, or '298 Patents.

**FIRST CLAIM FOR RELIEF**
***(Infringement of U.S. Patent No. 7,664,701)***

20.     PNC repeats its responses to paragraphs 1–19 of the Complaint as if fully set forth herein.

21.     PNC denies the allegations set forth in paragraph 21 of the Complaint.

22.     PNC denies the allegations set forth in paragraph 22 of the Complaint.

23.     PNC denies the allegations set forth in paragraph 23 of the Complaint.

24.     PNC admits that it received a letter from Intellectual Ventures I accusing PNC of infringing claim 5 of the '701 Patent, and that Intellectual Ventures I has filed and served the Complaint.  PNC denies that it infringes one or more claims of the '701 Patent.

25.     PNC denies the allegations set forth in paragraph 25 of the Complaint.

**SECOND CLAIM FOR RELIEF**
***(Infringement of U.S. Patent No. 7,603,382)***

26.     PNC repeats its responses to paragraphs 1–25 of the Complaint as if fully set forth herein.

27.     PNC denies the allegations set forth in paragraph 27 of the Complaint.

28.     PNC denies the allegations set forth in paragraph 28 of the Complaint.

29.     PNC denies the allegations set forth in paragraph 29 of the Complaint.

30.     PNC admits that it received a letter from Intellectual Ventures I accusing PNC of infringing claim 1 of the '382 Patent, and that Intellectual Ventures I has filed and served the Complaint.  PNC denies that it infringes one or more claims of the '382 Patent.

31.     PNC denies the allegations set forth in paragraph 31 of the Complaint.

### THIRD CLAIM FOR RELIEF
#### (*Infringement of U.S. Patent No. 6,182,894*)

32.    PNC repeats its responses to paragraphs 1–31 of the Complaint as if fully set forth herein.

33.    PNC denies the allegations set forth in paragraph 33 of the Complaint.

34.    PNC denies the allegations set forth in paragraph 34 of the Complaint.

35.    PNC denies the allegations set forth in paragraph 35 of the Complaint.

36.    PNC admits that it received a letter from Intellectual Ventures II accusing PNC of infringing claim 18 of the '894 Patent, and that Intellectual Ventures II has filed and served the Complaint.  PNC denies that it infringes one or more claims of the '894 Patent.

37.    PNC denies the allegations set forth in paragraph 37 of the Complaint.

### FOURTH CLAIM FOR RELIEF
#### (*Infringement of U.S. Patent No. 8,083,137*)

38.    PNC repeats its responses to paragraphs 1–37 of the Complaint as if fully set forth herein.

39.    PNC denies the allegations set forth in paragraph 39 of the Complaint.

40.    PNC denies the allegations set forth in paragraph 40 of the Complaint.

41.    PNC denies the allegations set forth in paragraph 41 of the Complaint.

42.    PNC admits that it received a letter from Intellectual Ventures I accusing PNC of infringing claim 12 of the '137 Patent, and that Intellectual Ventures I has filed and served the Complaint.  PNC denies that it infringes one or more claims of the '137 Patent.

43.    PNC denies the allegations set forth in paragraph 43 of the Complaint.

## FIFTH CLAIM FOR RELIEF
### (*Infringement of U.S. Patent No. 7,757,298*)

44.     PNC repeats its responses to paragraphs 1–43 of the Complaint as if fully set forth herein.

45.     PNC denies the allegations set forth in paragraph 45 of the Complaint.

46.     PNC denies the allegations set forth in paragraph 46 of the Complaint.

47.     PNC denies the allegations set forth in paragraph 47 of the Complaint.

48.     PNC admits that it received a letter from Intellectual Ventures I accusing PNC of infringing claim 1 of the '298 Patent, and that Intellectual Ventures I has filed and served the Complaint.  PNC denies that it infringes one or more claims of the '298 Patent.

49.     PNC denies the allegations set forth in paragraph 49 of the Complaint.

PNC denies that Intellectual Ventures is entitled to any of the relief requested.

## PNC'S DEFENSES TO INTELLECTUAL VENTURES' COMPLAINT

### FIRST AFFIRMATIVE DEFENSE
#### (*Non-Infringement*)

Intellectual Ventures is not entitled to any relief against PNC because PNC has not directly infringed, either literally or under the doctrine of equivalents, any claim of the '701, '382, '894, '137, or '298 Patents and has not actively induced infringement, contributed to infringement, or otherwise committed any act giving rise to liability for infringement of the patents under 35 U.S.C. § 271.

### SECOND AFFIRMATIVE DEFENSE
#### (*Invalidity*)

One or more claims of the '701, '382, '894, '137, and '298 Patents are invalid and/or unenforceable under one or more of 35 U.S.C. §§ 101, 102, 103, 112 and/or the applicable provisions of Title 37 of the Code of Federal Regulations.

### THIRD AFFIRMATIVE DEFENSE
(*Laches, Waiver, Estoppel, Unclean Hands*)

Intellectual Ventures' claims are barred, in whole or in part, by laches, waiver, estoppel, unclean hands, and/or other equitable doctrines.

### FOURTH AFFIRMATIVE DEFENSE
(*Prosecution History Estoppel*)

Intellectual Ventures is estopped from construing any claim of the'701, '382, '894, '137, and '298 Patents to cover or include, either literally or under the doctrine of equivalents, any method, system, or apparatus manufactured, used, imported, sold, or offered for sale by PNC because of actions taken and arguments made before the United States Patent and Trademark Office during prosecution of the '701, '382, '894, '137, and '298 Patents.

### FIFTH AFFIRMATIVE DEFENSE
(*Limitation of Damages*)

Intellectual Ventures' right to seek damages is limited, including without limitation, by 35 U.S.C. §§ 286, 287.

### SIXTH AFFIRMATIVE DEFENSE
(*License and Exhaustion*)

Intellectual Ventures is barred from asserting the '701, '382, '894, '137, and '298 Patents because PNC is licensed and/or Intellectual Ventures' patent rights in the accused technology are exhausted.

### SIXTH AFFIRMATIVE DEFENSE
(*Inventorship*)

Intellectual Ventures is barred from asserting the '701, '382, '894, '137, and '298 Patents under 35 U.S.C. §§ 116 and/or 256.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Counterclaim-Plaintiff PNC Financial Services Group, Inc. and PNC Bank, N.A. (collectively, "PNC"), on personal knowledge as to its own acts, and on information and belief as to all others based on its own and its attorneys' investigation, alleges Counterclaims against Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "Intellectual Ventures") as follows:

## NATURE OF THE ACTION

1.      According to the allegations set forth in the Complaint, Intellectual Ventures I LLC ("Intellectual Ventures I") claims to be the owner of all rights, titles, and interests to U.S. Patent Nos. 7,664,701 ("'701 Patent"), 7,603,382 ("'382 Patent"), 8,083,137 ("'137 Patent"), or 7,757,298 ("'298 Patent"), including the rights to sue and recover for infringement.

2.      According to the allegations set forth in the Complaint, Intellectual Ventures II LLC ("Intellectual Ventures II") claims to be the owner of all rights, titles, and interests to U.S. Patent No. 6,182,894 ("'894 Patent"), including the rights to sue and recover for infringement.

3.      Intellectual Ventures has accused PNC of directly infringing, contributing to the infringement of, or inducing others to infringe the '701, '382, '894, '137, and '298 Patents.  PNC denies that any of its products or services infringe any valid or enforceable claim of the '701, '382, '894, '137, or '298 Patents.

4.      An actual case and controversy exists between PNC and Intellectual Ventures concerning the infringement of one or more claims of the '701, '382, '894, '137, and '298 Patents, and that controversy is ripe for adjudication by this Court.

## JURISDICTION AND VENUE

5.    These are Counterclaims for a declaration of non-infringement and invalidity of one or more claims of the '701, '382, '894, '137, and '298 Patents.  These Counterclaims arise under the patent laws of the United States, Title 35, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.  This Court also has personal jurisdiction over Intellectual Ventures, because by initiating the instant lawsuit, Intellectual Ventures has submitted to the jurisdiction of this judicial district.

6.    Venue for these Counterclaims is legally proper in this District pursuant to 28 U.S.C. § 1391.

## PARTIES

7.    Counterclaim-Plaintiff PNC Financial Services Group, Inc. is a Pennsylvania corporation with its principal place of business at 249 Fifth Avenue, One PNC Plaza, Pittsburgh, Pennsylvania, 15222.

8.    Counterclaim-Plaintiff PNC Bank, N.A. is a National Bank with its principal place of business at 249 Fifth Avenue, One PNC Plaza, Pittsburgh, Pennsylvania, 15222.

9.    According to the allegations in paragraph 1 of the Complaint, Counterclaim-Defendant Intellectual Ventures I is a Delaware limited liability company with its principal place of business at 3150 139th Ave. SE, Bellevue, Washington, 98005.

10.    According to the allegations in paragraph 2 of the Complaint, Counterclaim-Defendant Intellectual Ventures II is a Delaware limited liability company with its principal place of business at 3150 139th Ave. SE, Bellevue, Washington, 98005.

## COUNTERCLAIM COUNT I
### (*Non-Infringement of U.S. Patent No. 7,664,701*)

11.     PNC repeats and re-alleges the allegations contained in the immediately preceding paragraphs 1 through 10 as if fully set forth herein.

12.     PNC is not infringing and has not infringed any valid claim of the '701 Patent, by direct infringement, contributory infringement, or inducement of infringement, either literally or under the doctrine of equivalents.

13.     To resolve the legal and factual questions raised by Intellectual Ventures, and to afford relief from the uncertainty and controversy that Intellectual Ventures' accusations have precipitated, PNC is entitled to a declaratory judgment that it is not infringing and has not infringed any valid claim of the '701 Patent, by direct infringement, contributory infringement, or inducement of infringement, either literally or under the doctrine of equivalents.

## COUNTERCLAIM COUNT II
### (*Invalidity of U.S. Patent No. 7,664,701*)

14.     PNC repeats and re-alleges the allegations contained in the immediately preceding paragraphs 1 through 13 as if set forth fully herein.

15.     One or more claims of the '701 Patent are invalid or unenforceable for failing to meet one or more of the requisite statutory requirements and/or conditions for patentability under one or more of 35 U.S.C. §§ 101, 102, 103, 112, and 116.

16.     To resolve the legal and factual questions raised by Intellectual Ventures, and to afford relief from the uncertainty and controversy from which Intellectual Ventures' accusations have precipitated, PNC is entitled to a declaratory judgment that the '701 Patent is invalid.

## COUNTERCLAIM COUNT III
### (*Non-Infringement of U.S. Patent No. 7,603,382*)

17.     PNC repeats and re-alleges the allegations contained in the immediately preceding paragraphs 1 through 16 as if fully set forth herein.

18.     PNC is not infringing and has not infringed any valid claim of the '382 Patent, by direct infringement, contributory infringement, or inducement of infringement, either literally or under the doctrine of equivalents.

19.     To resolve the legal and factual questions raised by Intellectual Ventures, and to afford relief from the uncertainty and controversy that Intellectual Ventures' accusations have precipitated, PNC is entitled to a declaratory judgment that it is not infringing and has not infringed any valid claim of the '382 Patent, by direct infringement, contributory infringement, or inducement of infringement, either literally or under the doctrine of equivalents.

### COUNTERCLAIM COUNT IV
*(Invalidity of U.S. Patent No. 7,603,382*

20.     PNC repeats and re-alleges the allegations contained in the immediately preceding paragraphs 1 through 19 as if set forth fully herein.

21.     One or more claims of the '382 Patent are invalid or unenforceable for failing to meet one or more of the requisite statutory requirements and/or conditions for patentability under one or more of 35 U.S.C. §§ 101, 102, 103, 112, and 116.

22.     To resolve the legal and factual questions raised by Intellectual Ventures, and to afford relief from the uncertainty and controversy from which Intellectual Ventures' accusations have precipitated, PNC is entitled to a declaratory judgment that the '382 Patent is invalid.

### COUNTERCLAIM COUNT V
*(Non-Infringement of U.S. Patent No. 6,182,894)*

23.     PNC repeats and re-alleges the allegations contained in the immediately preceding paragraphs 1 through 22 as if fully set forth herein.

24.     PNC is not infringing and has not infringed any valid claim of the '894 Patent, by direct infringement, contributory infringement, or inducement of infringement, either literally or under the doctrine of equivalents.

25.     To resolve the legal and factual questions raised by Intellectual Ventures, and to afford relief from the uncertainty and controversy that Intellectual Ventures' accusations have precipitated, PNC is entitled to a declaratory judgment that it is not infringing and has not infringed any valid claim of the '894 Patent, by direct infringement, contributory infringement, or inducement of infringement, either literally or under the doctrine of equivalents.

## COUNTERCLAIM COUNT VI
### (*Invalidity of U.S. Patent No. 6,182,894*)

26.     PNC repeats and re-alleges the allegations contained in the immediately preceding paragraphs 1 through 25 as if set forth fully herein.

27.     One or more claims of the '894 Patent are invalid or unenforceable for failing to meet one or more of the requisite statutory requirements and/or conditions for patentability under one or more of 35 U.S.C. §§ 101, 102, 103, 112, and 116.

28.     To resolve the legal and factual questions raised by Intellectual Ventures, and to afford relief from the uncertainty and controversy from which Intellectual Ventures' accusations have precipitated, PNC is entitled to a declaratory judgment that the '894 Patent is invalid.

## COUNTERCLAIM COUNT VII
### (*Non-Infringement of U.S. Patent No. 8,083,137*)

29.     PNC repeats and re-alleges the allegations contained in the immediately preceding paragraphs 1 through 28 as if fully set forth herein.

30.     PNC is not infringing and has not infringed any valid claim of the '137 Patent, by direct infringement, contributory infringement, or inducement of infringement, either literally or under the doctrine of equivalents.

31.     To resolve the legal and factual questions raised by Intellectual Ventures, and to afford relief from the uncertainty and controversy that Intellectual Ventures' accusations have precipitated, PNC is entitled to a declaratory judgment that it is not infringing and has not infringed any valid claim of the '137 Patent, by direct infringement, contributory infringement, or inducement of infringement, either literally or under the doctrine of equivalents.

### COUNTERCLAIM COUNT VIII
#### (*Invalidity of U.S. Patent No. 8,083,137*)

32.     PNC repeats and re-alleges the allegations contained in the immediately preceding paragraphs 1 through 31 as if set forth fully herein.

33.     One or more claims of the '137 Patent are invalid or unenforceable for failing to meet one or more of the requisite statutory requirements and/or conditions for patentability under one or more of 35 U.S.C. §§ 101, 102, 103, 112, and 116.

34.     To resolve the legal and factual questions raised by Intellectual Ventures, and to afford relief from the uncertainty and controversy from which Intellectual Ventures' accusations have precipitated, PNC is entitled to a declaratory judgment that the '137 Patent is invalid.

### COUNTERCLAIM COUNT IX
#### (*Non-Infringement of U.S. Patent No. 7,757,298*)

35.     PNC repeats and re-alleges the allegations contained in the immediately preceding paragraphs 1 through 34 as if fully set forth herein.

36.     PNC is not infringing and has not infringed any valid claim of the '298 Patent, by direct infringement, contributory infringement, or inducement of infringement, either literally or under the doctrine of equivalents.

37.     To resolve the legal and factual questions raised by Intellectual Ventures, and to afford relief from the uncertainty and controversy that Intellectual Ventures' accusations have precipitated, PNC is entitled to a declaratory judgment that it is not infringing and has not infringed any valid claim of the '298 Patent, by direct infringement, contributory infringement, or inducement of infringement, either literally or under the doctrine of equivalents.

## COUNTERCLAIM COUNT X
### (*Invalidity of U.S. Patent No. 7,757,298*)

38.     PNC repeats and re-alleges the allegations contained in the immediately preceding paragraphs 1 through 37 as if set forth fully herein.

39.     One or more claims of the '298 Patent are invalid or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under one or more of 35 U.S.C. §§ 101, 102, 103, 112, and 116.

40.     To resolve the legal and factual questions raised by Intellectual Ventures, and to afford relief from the uncertainty and controversy from which Intellectual Ventures' accusations have precipitated, PNC is entitled to a declaratory judgment that the '298 Patent is invalid.

## PRAYER FOR RELIEF

WHEREAS, PNC requests that this Court enter a judgment in its favor and against Intellectual Ventures as follows:

    (a)    Dismiss the Complaint in its entirety, with prejudice;

    (b)    Enter judgment in favor of PNC and against Intellectual Ventures;

    (c)    Declare that PNC does not infringe and has not infringed the '701 Patent, directly or indirectly;

(d)     Declare that the '701 Patent is invalid;

(e)     Declare that PNC does not infringe and has not infringed the '382 Patent, directly or indirectly;

(f)     Declare that the '382 Patent is invalid;

(g)     Declare that PNC does not infringe and has not infringed the '894 Patent, directly or indirectly;

(h)     Declare that the '894 Patent is invalid;

(i)     Declare that PNC does not infringe and has not infringed the '137 Patent, directly or indirectly;

(j)     Declare that the '137 Patent is invalid;

(k)     Declare that PNC does not infringe and has not infringed the '298 Patent, directly or indirectly;

(l)     Declare that the '298 Patent is invalid;

(m)    Declare that this is an exceptional case under 35 U.S.C. § 285 and award PNC its costs (including expert fees), disbursements, and reasonable attorneys' fees incurred in this action;

(n)     Enjoin Intellectual Ventures, its successors, affiliates, agents, employees, and attorneys, and those persons in active concert of participation with any of them, from directly or indirectly asserting infringement of, or instituting any further action of infringement of, any claim of the '701, '382, '894, '137, and/or '298 Patents against PNC or any of PNC's successors, assigns, agents, direct or indirect customers, partners or suppliers; and

(o)     Grant such further relief to PNC as is just and proper.

## DEMAND FOR JURY TRIAL

In accordance with FED. R. CIV. P. 38(b), PNC demands a trial by jury on all issues so triable.

- 16 -

Dated: July 3, 2013                    Respectfully submitted,

                                                  By:  */s/ Thomas L. Allen*_____
                                                           Thomas L. Allen (PA I.D. 33243)
                                                           REED SMITH LLP
                                                           225 Fifth Avenue
                                                           Suite 1200
                                                           Pittsburgh, PA 15222
                                                           Tel.: (412) 288-3131
                                                           Fax: (412) 288-3063
                                                           Email: tallen@reedsmith.com

James L. Quarles III (*pro hac vice*)
DC I.D. 359079
Email: james.quarles@wilmerhale.com
Gregory H. Lantier (*pro hac vice*)
DC I.D. 492043
Email: gregory.lantier@wilmerhale.com
Jonathan L. Hardt (*pro hac vice*)
DC I.D. 979619
Email: jonathan.hardt@wilmerhale.com
WILMER CUTLER PICKERING HALE AND
DORR LLP
1875 Pennsylvania, Ave NW
Washington DC, 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363

David C. Marcus (*pro hac vice*)
CA I.D. 158704
Email: david.marcus@wilmerhale.com
WILMER CUTLER PICKERING HALE AND
DORR LLP
350 South Grand Ave, Suite 2100
Los Angeles, CA 90071
Tel.: (213) 443-5300
Fax: (213) 443-5400

*Attorneys for Defendants and*
*Counterclaim-Plaintiffs PNC Financial*
*Services Group, Inc. and PNC Bank, N.A.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2013, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.


*/s/ Thomas L. Allen*