**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and<br>INTELLECTUAL VENTURES II LLC,<br><br>   Plaintiffs,<br><br>   v.<br><br>PNC FINANCIAL SERVICES GROUP, INC.<br>and PNC BANK, N.A.,<br><br>   Defendants. | Civil Action No. 2:13-cv-00740-AJS<br><br>U.S. District Judge Arthur J. Schwab<br><br>**ELECTRONICALLY FILED**<br><br>**JURY TRIAL DEMANDED** |

**Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES**

Pursuant to Federal Rule of Civil Procedure 26(f), the Local Rules of the Western District of Pennsylvania, and the Court's Rules, the parties respectfully submit the following report.

**1.   Identification of counsel and unrepresented parties:**

| *Counsel for Plaintiffs, Intellectual Ventures I LLC and Intellectual Ventures II LLC* | *Counsel for Defendants PNC Financial Services Group, Inc. and PNC Bank, N.A.* |
|---|---|
| Daniel E. Krauth (PA I.D. 59674)<br>E-mail: krauth@zklaw.com<br>Joseph F. Butcher (PA I.D. 86464)<br>E-mail: butcher@zklaw.com<br>Samantha A. Quinn (PA I.D. 310068)<br>E-mail: squinn@zklaw.com<br>ZIMMER KUNZ, PLLC<br>600 Grant Street<br>U.S. Steel Tower, Suite 3300<br>Pittsburgh, PA 15219<br>Tel.: (412) 281-8000<br>Fax: (412) 281-1765 | Thomas L. Allen (PA I.D. 33243)<br>E-mail: tallen@reedsmith.com<br>Justin J. Kontul (PA I.D. 206026)<br>E-mail: jkontul@reedsmith.com<br>REED SMITH LLP<br>225 Fifth Avenue<br>Suite 1200<br>Pittsburgh, PA 15222<br>Tel.: (412) 288-3066<br>Fax: (412) 288-3063 |
| Ian Feinberg (*pro hac vice*)<br>CA I.D. 88324<br>E-mail: ifeinberg@feinday.com<br>Elizabeth Day (*pro hac vice*)<br>CA I.D. 177125 | James L. Quarles III (*pro hac vice*)<br>DC I.D. 359079<br>E-mail: james.quarles@wilmerhale.com<br>Gregory H. Lantier (*pro hac vice*)<br>DC I.D. 492043 |

E-mail: eday@feinday.com
Yakov Zolotorev (*pro hac vice*)
CA I.D. 224260
E-mail: yzolotorev@feinday.com
Sal Lim (*pro hac vice*)
CA I.D. 211836
E-mail: slim@feinday.com
David Alberti (*pro hac vice*)
CA I.D. 220625
E-mail: dalberti@feinday.com
Marc Belloli (*pro hac vice*)
CA I.D. 244290
E-mail: mbelloli@feinday.com
FEINBERG DAY ALBERTI & THOMPSON LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
Tel.: (650) 618-4360
Fax: (650) 618-4368

E-mail: gregory.lantier@wilmerhale.com
Jonathan L. Hardt (*pro hac vice*)
DC I.D. 979619
E-mail: jonathan.hardt@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania, Ave NW
Washington DC, 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363

David C. Marcus (*pro hac vice*)
CA I.D. 158704
E-mail: david.marcus@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
350 South Grand Ave, Suite 2100
Los Angeles, CA 90071
Tel.: (213) 443-5300
Fax: (213) 443-5400

There are no unrepresented parties in this case.

**2.**   **Set forth the general nature of the case:**

On May 29, 2013, Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "Intellectual Ventures") filed a complaint against Defendants PNC Financial Services Group, Inc. and PNC Bank, N.A. (collectively, "PNC") asserting that PNC infringes U.S. Patent Nos. 7,664,701, 7,603,382, 6,182,894, 8,083,137, and 7,757,298. (collectively, the "Asserted Patents").  The Asserted Patents are titled:

- U.S. Patent No. 7,664,701: Masking Private Billing Data by Assigning Other Data to Use in Commerce with Business;

- U.S. Patent No. 7,603,382: Advanced Internet Interface Providing User Display Access of Customized Webpages;

- U.S. Patent No. 6,182,894: Systems and Methods for Authorizing a Transaction Card;

- U.S. Patent No. 8,083,137: Administration of Financial Accounts; and

- U.S. Patent No. 7,757,298: Method and Apparatus for Identifying and Characterizing Errant Electronic Files.

Defendants filed their Answer and Counterclaims on July 3, 2013.

3. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

   The parties met and conferred under Rule 26(f) on July 1, 2013. Plaintiffs were represented by Elizabeth Day, Marc Belloli, and Daniel E. Krauth. Defendants were represented by James L. Quarles III, Gregory H. Lantier, and Thomas L. Allen. There are currently no additional parties to this action who have not yet been served or entered an appearance as of the date of the conference.

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:**

   July 15, 2013

5. **Identify any party who has filed or anticipates filing a dispositive motion under Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

   Neither party anticipates filing a dispositive motion under Fed. R. Civ. P. 12 at this time.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

   As summarized in the parties' filed Stipulation Selecting ADR Process, the parties have agreed to conduct a private mediation and anticipate that such mediation, pursuant to Local Patent Rule 1.5, will be conducted within sixty (60) days following the Court's claim construction order. The parties will split all costs for the mediator's services.

   Subject to the Court's approval, the parties agree to the following proposed mediator: Tim Ryan (of Eckert, Seamans, Cherin, & Mellott, LLC).

   Party representatives for Intellectual Ventures will include Cris Leffler, In-House Counsel.

   Party representatives for PNC will include Natalie Moritz, Senior Counsel – Litigation.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

   The parties agree to provide Fed. R. Civ. P. Rule 26(a) disclosures according to the timing set forth in Exhibit A to Practices and Procedures of Judge Arthur J. Schwab (eff. June 18, 2012), on or before July 29, 2013.

   The parties agree to adhere to the requirements of LPR 3.1 regarding the form and substance of such disclosures.

**8.     Subjects on which fact discovery may be needed:**

Intellectual Ventures will seek discovery related to the following issues:

- The design, development, structure, function and operation of the Accused Products, including but not limited to, PNC's Online Bill Pay, Wealth Insight system, Visa Check Card system, Visa Business Check Card system, Visa Information Source Select system and PCI DSS Validation system;

- Conception and reduction to practice of the Asserted Patents;

- The damages necessary to compensate Intellectual Ventures for PNC's infringement of the Asserted Patents, including what constitutes a reasonable royalty;

- Marketing, sales and other financial information regarding the Accused Products;

- PNC's licensing practices and licenses entered into that include or relate to the technology claimed in the Patents-in-Suit;

- Secondary considerations of non-obviousness.

PNC will seek discovery related to at least the following issues:

- The Asserted Patents, including ownership, licensing, inventorship, conception, and reduction to practice of the alleged inventions claimed in the Asserted Patents;

- The filing and prosecution of the applications for the Asserted Patents (and any related U.S. patents and any foreign counterpart or related foreign patent);

- Any inequitable conduct that may have occurred relating to the Asserted Patents;

- Defense to claims based on the Asserted patents (e.g., non-infringement, invalidity, unenforceability, etc.), including any alleged prior art to the Asserted Patents and the applicant's knowledge, awareness, or possession of the same;

- Any information that tends to rebut any defenses to claims based on the Asserted patents, including, for example, any secondary considerations of non-obviousness;

- Information relating to potential damages, including any sales, marketing, licensing, or other attempts at monetization relating to the Asserted Patents;

- Intellectual Ventures' knowledge of the accused products and services in this case, including its pre-suit investigation;

- Intellectual Ventures' acquisition of the Asserted Patents;

- Intellectual Ventures' licensing practices;

- Alternatives to the alleged inventions claimed in the Asserted Patents

**9.    Set forth suggested dates for the following:**

The parties have agreed to the Proposed Case Management Order attached as Exhibit A. The parties have based their proposed schedule on the Local Patent Rules, this Court's orders, and the Court's Model Case Management Orders.  *See* Appendix LPR 2.1; Practices and Procedures of Judge Arthur J. Schwab, Exhibit A.  The proposed schedule includes the following:

a.    **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:**

July 29, 2013

b.    **Date by which any motion to compel relating to Fed. R. Civ. P. 26(a) disclosures must be filed if any party is dissatisfied with the disclosures:**

August 5, 2013

c.    **Date by which any additional parties shall be joined:**

August 14, 2013

d.    **Date by which the pleadings shall be amended:**

August 14, 2013

e.    **Date by which the opposing party shall file a Response to any motion(s) to compel relating to Fed. R. Civ. P. 26(a) disclosures:**

August 15, 2013

f.    **Date by which fact discovery should be completed:**

February 10, 2014

g.    **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the date by which discovery as to each phase or issue should be completed:**

The parties agree that phased fact discovery is unnecessary.

h.    **Date by which plaintiff's expert reports should be filed:**

      Each party shall make its initial expert witness disclosures, as required by Rule 26, on the issues on which that party bears the burden of proof by March 12, 2014 (30 days after fact discovery is completed).

**i.**     **Date by which depositions of plaintiff's expert(s) should be completed:**

    June 1, 2014 (30 days after commencement of expert deposition phase).

**j.**     **Date by which defendant's expert reports should be filed:**

    Each party shall make its initial expert witness disclosures, as required by Rule 26, on the issues on which the opposing party bears the burden of proof by April 11, 2014 (30 days after each party has made its initial expert witness disclosures).

**k.**     **Date by which depositions of defendant's expert(s) should be completed:**

    June 1, 2014 (30 days after commencement of expert deposition phase).

**l.**     **Date by which third party expert's reports should be filed:**

    N/A

**m.**     **Date by which depositions of third party's expert(s) should be completed:**

    N/A

**n.**     **Date by which the parties shall comply with Local Rule 56.1 with respect to briefing any motion(s) for summary judgment:**

    In light of the complexities and issues in this case, the parties agree to the following deadlines for briefing related to any motion for summary judgment. The parties' agreed schedule extends the time limits otherwise set forth in the Court's standard case management schedule.

    The movant shall file a motion for summary judgment in accordance with the requirements of Local Rule 56.1 on or before the latter of **June 23, 2014**, or 35 days after the conclusion of the expert deposition period.

    The opposing party shall file its opposition in accordance with the requirements of Local Rule 56.1 on or before the latter of **July 23, 2014**, or 30 days after the filing of the motion for summary judgment.

    The parties agree that the movant shall have leave to file a Reply brief on or before the latter of **August 4, 2014**, or 10 days after the filing of any opposition brief.

    Surreply briefs shall not be filed unless approved/requested by the Court.

>The parties agree that any motion(s) for summary judgment shall be limited to fifty (50) pages total (i.e., one 50 page motion, or two 25 page motions, etc.). Similarly, opposition briefs shall be limited to fifty (50) pages total. Any reply briefs shall be limited to ten (10) pages total.

Additionally, the parties request that this Court adopt the Local Patent Rules, and specifically, Appendix LPR 2.1, adjusted by two days to avoid a conflict with the Thanksgiving holiday. Adopting these modifications would impose the following patent-specific deadlines:

> o. **Date by which Infringement Contentions are due:**
>
> August 16, 2013 (LPR 3.2, 3.3)
>
> p. **Date by which Non-Infringement and Invalidity Contentions are Due:**
>
> August 30, 2013 (LPR 3.4, 3.5)
>
> q. **Date by which parties exchange proposed claim terms:**
>
> September 13, 2013 (LPR 4.1)
>
> r. **Date by which parties must file joint disputed claim terms chart:**
>
> September 27, 2013 (LPR 4.2)
>
> s. **Date by which opening claim construction brief is due:**
>
> October 28, 2013 (LPR 4.3)
>
> t. **Date by which response to opening claim construction brief is due:**
>
> November 18, 2013 (LPR 4.3)
>
> u. **Date by which reply to claim construction brief is due:**
>
> December 2, 2013 (LPR 4.3)
>
> v. **Date of claim construction hearing:**
>
> December 13, 2013, or such other date amenable to the schedule of the Court and/or Special Master (LPR 4.4)

10. **If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

The parties agree that the Federal Rules of Civil Procedure and Local Rules should govern the parameters of discovery, including for claim construction. *See* LPR 2.1  The parties additionally agree to the following limitations on discovery:

a. **Requests for Admission**: The number of Requests for Admission should be limited to thirty (30) per party, subject to a showing of good cause, except that Requests for Admission directed to the authentication of documents shall not be so limited.

b. **Fact Depositions**: Each party may take 105 hours of fact witness depositions. The parties may not use more than seventy (70) hours or ten (10) depositions to depose the employees of any other party. Each party may take no more than twenty eight (28) hours of Federal Rule of Civil Procedure 30(b)(6) depositions from another party, and time used for 30(b)(6) depositions shall count against the seventy (70) hour limit for deposing party employees. The parties reserve the right to seek additional deposition time from the Court, if necessary. The parties agree that at depositions that require an interpreter, there shall be an official interpreter hired by the side taking the deposition. The parties further reserve the right to hire their own interpreter to verify the translation by the official interpreter. Furthermore, and notwithstanding any other limitation, the parties shall have the opportunity to depose any witness called to testify at trial.

c. **Interrogatories**: Each party shall be limited to thirty (30) interrogatories to serve the other party.

d. **Expert Discovery**: A testifying expert's draft reports, notes, outlines, and any other writings leading up to his or her final report(s) in this case are exempt from discovery. In addition, all communications with and all materials generated by a testifying expert with respect to his work on this case are exempt from discovery unless relied upon by the expert in forming his or her opinions. The expert must only produce his or her final report and all materials on which he or she relied.

e. **Expert Depositions**: The parties agree that deposition of experts shall not count towards the above limitations on fact depositions. Hour limits for expert depositions shall be determined on a per-patent basis. The following limits shall be in place:

   1. **Technical Experts**: Plaintiff may depose each non-infringement and/or validity expert testifying against it for seven (7) hours for each patent as to which the expert is offering an opinion. Likewise, Defendants may depose each infringement and/or validity expert testifying against the Defendants for seven (7) hours for each patent as to which the expert is offering an opinion. For clarity, a technical expert may be deposed for seven (7) hours if he/she offers an opinion as to one patent, fourteen (14) hours if he/she offers an opinion as to two patents, twenty one (21) hours if he/she offers an opinion as to three patents, twenty eight (28) hours if he/she offers an opinion as to four patents, and thirty five (35) hours if he/she offers an opinion as to all five patents;

   2. **Damages Experts**: Plaintiff may depose each damages expert testifying against it for three and a half (3.5) hours per patent as to which the expert

is offering a damages opinion.  However, Plaintiff may depose a damages expert testifying against it for seven (7) hours if the expert is only offering a damages opinion as to one patent.  Defendants may depose each damages expert testifying against it for three and a half (3.5) hours per patent as to which the expert is offering a damages opinion.  However, Defendant may depose a damages expert testifying against it for seven (7) hours if the expert is only offering a damages opinion as to one patent.

    **3.**    **Other Experts**:  The parties agree to confer in good faith on a reasonable number of hours of other expert depositions and shall submit the parties' competing proposals to the Court in the event that they are unable to reach agreement.

**11.** **Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically stored information (electronic discovery), including the need for the preservation of discoverable information and the protection of the right to assert privilege(s) after the production of privileged information and if so, set forth the results of such consideration.  In particular, answer the following questions:**

The parties respectfully request that this Court adopt the jointly Proposed Electronic Discovery Order, attached as Exhibit B.  The parties agree to the provisions of the Proposed Electronic Discovery Order, which is based on the e-Discovery Model Order created in part by Chief Judge Randall Rader of the United States Court of Appeals for the Federal Circuit and the corresponding orders entered by Judge McVerry of this Court and other districts.  *See, e.g.*, *Air Vent, Inc. v. Owens Corning Corp.*, Case No. 2:10-cv-1699, Dkt. No. 96 (W.D. Pa.) (entering the e-Discovery Model Order in a recently filed patent case).  The Model Order, as well as an introduction by the Federal Circuit Advisory Council E-Discovery Committee, is attached as Exhibit C to this Report.

Chief Judge Rader suggested that the Model Order serve as a starting point for district courts to enforce "responsible, targeted use of e-discovery" in patent cases, the goal being to streamline and impose discipline upon the e-discovery process, particularly with respect to the production of e-mail.  The E-Discovery Committee that drafted the Model Order also included, among others, judges from the Northern District of California, the Northern District of Illinois, and the Eastern District of Texas.

The application of the Proposed Electronic Discovery Order to the categories listed in the Local Patent Rules is discussed below.  For example, general electronically stored information ("ESI") production requests under Federal Rules of Civil Procedure 34 and 45 shall not include e-mail or other forms of electronic correspondence (collectively "e-mail").  To obtain e-mail, parties must propound specific e-mail production requests.  E-mail production requests shall only be propounded for specific issues, rather than general discovery of a product or business.  E-mail production requests shall identify the custodian, search terms, and time frame.  The parties have agreed to procedures that

ensure cooperation in identifying the proper custodians, proper search terms and proper timeframe for e-mail production requests in light of the allegations and facts particular to this case.

Costs will be shifted for disproportionate ESI information production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics will be considered in cost-shifting determinations. A party's meaningful compliance with these rules and efforts to promote efficiency and reduce costs will also be considered.

    a.    **ESI.** Is either party seeking the discovery of ESI in this case? ✓ Yes  ☐ No

        If disputed, identify the nature of the dispute.

    b.    **Metadata.** Will any metadata be relevant in this case? ☐ Yes  ✓ No

        The parties do not anticipate that metadata will be relevant to this litigation. As reflected in Paragraph 5 of the parties' jointly Proposed Electronic Discovery Order, the parties agree that, absent a showing of good cause, general ESI production requests and/or compliance with a mandatory disclosure requirement of this Court shall not include metadata. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.

    c.    **Format.** Have the parties agreed on the format(s) for the production of ESI?

        ✓ Yes  ☐ No

        The parties have agreed to the format and parameters that shall apply to ESI productions as follows:

        The production data will be exchanged between counsel in encrypted form (i.e., TrueCrypt or PGP). Each production shall be provided in the following folder structure:

        1.    **Top-level folder:** This folder will indicate the production volume (i.e., ABC-001)

        2.    **Sub-folders:**

            a.    **IMAGES:** This folder will contain multiple sub-folders with ONLY TIFF files in them. No other type of file should reside in the "IMAGES" folder. ESI shall be produced electronically, as single page, uniquely and sequentially numbered Black-and-White Group IV TIFF files not less than 300 dpi resolution. Color images should be provided in .JPG format when color is necessary. Each file will be assigned a control number which will be the Bates number of the document. Each document image shall

     contain a footer with a sequentially ascending production number. Sub-folders shall not contain more than 1000 images per folder.

 **b.** **TEXT:** Except with regard to ESI documents that are redacted for privilege, the images shall be accompanied by text files, in UTF8 format, in a separate folder labeled TEXT matching the folder structure of the IMAGES folder. These text files will contain the extracted text on a document basis, if available. The parties will produce OCR corresponding to any document for which searchable text can reasonably be created. For redacted documents, the parties will produce extracted text for the unredacted portions of those documents. The text files shall be named to match the endorsed Document Number (a/k/a Bates number) assigned to the image of the first page of the document. Text files shall be accompanied by a Control List File ("LST") located in the DATA folder.

 **c.** **DATA:** Documents produced to each party shall include load files and file structures compatible with Concordance version 10 or above and Opticon.

   Specifically, the images shall be accompanied by an image cross-reference load file, including an Opticon .OPT file compatible with Concordance version 10 or above providing the beginning and ending endorsed number of each document and the number of pages it comprises.

   Opticon Image Load File (.opt) Configuration:  Page level comma-delimited file containing seven fields per line. PageID, VolumeLabel, ImageFilePath, DocumentBreak, PageCount

   Example - ABC-JD00030005,,\ABC002\Images\001\ ABC-JD-00030005.tif,Y
The Producing Party shall also provide a data load file ("Data Load File" or ".DAT") corresponding to the TIFF files, compatible with Concordance version 10 or above, that shall contain any required metadata (e.g., date sent or received, and list of recipients), to the extent available, associated with each Production Field, if any, specified in the Electronic Discovery Order or herein. For the avoidance of any doubt, there is no obligation on the Producing Party to create metadata where none exists or is not reasonably available, or to produce metadata where such metadata may comprise attorney work product.

   As stated in Paragraph 11.c.2.b, text files shall be accompanied by a Control List File ("LST"), which is an ASCII text file that contains the data necessary to link full text documents to database records. The syntax of the LST consists of the Document Number, followed by the volume path and TEXT folder containing the text

        file for the full text document. The Document Number reference contained within the LST must match the "Beg Bates" field of the load file. An example of the syntax for a LST is as follows: ABC-000000001,ABC-VOL-001\TEXT\001\ABC-000000001.txt.

    d.    **NATIVES:** This folder will contain native files that the parties agree to produce during the course of this litigation. A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format. There is no independent requirement to produce native documents and the parties agree to limit such requests to instances where the production of a native document is necessary to obtain a general understanding of the document at issue (i.e., voluminous spreadsheets or documents rendered illegible by processing), or other rare instances where production of a native document will promote efficiency and the parties resources.

e.    **Clawback Agreement.** Will the parties be using the Form Inadvertent Production Provision of LCvR 16.1D? ✓ Yes ☐ No

If no, will an alternative provision be proposed? ☐ Yes (Please attach) ☐ No

f.    **Search Terms.** Have the parties agreed on any protocol for review of electronic data? ✓ Yes ☐ No

If yes, please describe.

As reflected in the parties' jointly Proposed Electronic Discovery Order, the parties have agreed on the following protocol for review of electronic data:

For general electronic data: Federal Rules of Civil Procedure 34 and 45 shall govern General ESI Production Requests.

For electronic mail: As set forth in the jointly Proposed Electronic Discovery Order, e-mail search terms and productions shall be exchanged pursuant to the provisions for E-mail Production Requests. Following service of e-mail production requests, each party shall be afforded a reasonable time to review the documents containing the search terms for privilege and/or responsiveness. If the volume of results so dictates, the parties may produce documents on a rolling basis.

g.    **Accessibility.** Have the parties agreed on what ESI is "reasonably accessible" as defined in Fed. R. Civ. P. 26(b)(2)(B)? ✓ Yes ☐ No

The parties agree that at least the following categories of ESI are not reasonably accessible:

12

        **1.**    **ESI Requiring Backup Restoration.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, disaster recovery systems, and other forms of media, to comply with its discovery obligations in the present case.

        **2**.    **Voicemail, Instant Messages, and Mobile Devices.** Absent a showing of good cause, voicemails, instant messages, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

If no, please identify the nature of the dispute.

    **h.**    **Preservation.**  Are there any unresolved issues pertaining to the preservation of ESI?  If so, please describe.

    **i.**    **Other.**  Identify all outstanding issues or disputes concerning ESI.

**12.**    **Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery:**

Pursuant to this Court's June 6, 2013 Order Setting Initial Case Management Conference (Dkt. No. 21), the parties are not required to schedule a Post-Discovery Status Conference.

**13.**    **Set forth other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):**

The parties respectfully request that this Court enter the parties' jointly Proposed Protective Order attached as Exhibit D.  The Proposed Protective Order consists of the Protective Order set forth in Appendix LPR 2.2 to the Western District Local Rules, as modified by agreement of the parties to address certain specific issues raised by this case.

The parties also request that this Court enter the parties' Proposed Consent Order of Court Appointing Special Master on Claim Construction and Summary Judgment, filed concurrently with this statement and attached as Exhibit E for the Court's convenience. Due to the complexities and issue present in this case, the parties agree that the deadline for the Special Master to issue a Report and Recommendation with regard to any pending motion(s) for summary judgment shall be 30 days after the deadline for filing any reply brief in support of any motion(s) for summary judgment.

**14.**    **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:**

    The parties agree that a special master may be required in order to assist with understanding the technology at issue for purposes of claim construction.  The parties have met and conferred and jointly nominate David G. Oberdick to be appointed as special master with respect to claim construction pursuant to Fed. R. Civ. P. 53 and LPR 4.5.  The parties have filed written consent to said appointment and a proposed order appointing David G. Oberdick as Special Master concurrently with this statement.  For the Court's convenience, the Proposed Consent Order of Court Appointing Special Master on Claim Construction and Summary Judgment is attached as Exhibit E.

**15.** **If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached.**

    N/A

**16.** **Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:**

    The parties agree to consider the possibility of settlement throughout this litigation and to discuss the issue periodically, but believe that a settlement is more likely to be achieved after at least some discovery proceeds in this action.

Additionally, the parties have conferred about the following patent-specific issues set forth in LPR 2.1 that have not yet been addressed herein:

**17.** **Claim Construction Hearing**

    a.    **Whether court will hear live testimony:**

    At the present time, the parties do not anticipate presenting live testimony at the claim construction hearing.

    b.    **Order of presentation:**

    The parties anticipate each side will require one-half day at the claim construction hearing.  The parties propose that the hearing proceed on a patent-by-patent and claim term by claim term basis, with the parties alternating on who presents its arguments with respect to each patent (and the claim terms related to each patent) first.

**18.** **Trial before a Magistrate Judge:**

    The parties agree that the trial of this matter shall not be held before a Magistrate Judge.

Dated: July 5, 2013                                   Respectfully submitted,

/s/ *Daniel E. Krauth*                                /s/ *Thomas L. Allen*
Daniel E. Krauth (PA I.D. 59674)                      Thomas L. Allen (PA I.D. 33243)
E-mail: krauth@zklaw.com                              E-mail: tallen@reedsmith.com
Joseph F. Butcher (PA I.D. 86464)                     Justin J. Kontul (PA I.D. 206026)
E-mail: butcher@zklaw.com                             E-mail: jkontul@reedsmith.com
Samantha A. Quinn (PA I.D. 310068)                    REED SMITH LLP
E-mail: squinn@zklaw.com                              225 Fifth Avenue
ZIMMER KUNZ, PLLC                                     Suite 1200
600 Grant Street                                      Pittsburgh, PA 15222
U.S. Steel Tower, Suite 3300                          Tel.: (412) 288-3066
Pittsburgh, PA 15219                                  Fax: (412) 288-3063
Tel.: (412) 281-8000
Fax: (412) 281-1765

Ian Feinberg (*pro hac vice*)                         James L. Quarles III (*pro hac vice*)
CA I.D. 88324                                         DC I.D. 359079
E-mail: ifeinberg@feinday.com                         E-mail: james.quarles@wilmerhale.com
Elizabeth Day (*pro hac vice*)                        Gregory H. Lantier (*pro hac vice*)
CA I.D. 177125                                        DC I.D. 492043
E-mail: eday@feinday.com                              E-mail: gregory.lantier@wilmerhale.com
Yakov Zolotorev (*pro hac vice*)                      Jonathan L. Hardt (*pro hac vice*)
CA I.D. 224260                                        DC I.D. 979619
E-mail: yzolotorev@feinday.com                        E-mail: jonathan.hardt@wilmerhale.com
Sal Lim (*pro hac vice*)                              WILMER CUTLER PICKERING HALE AND
CA I.D. 211836                                        DORR LLP
E-mail: slim@feinday.com                              1875 Pennsylvania, Ave NW
David Alberti (*pro hac vice*)                        Washington DC, 20006
CA I.D. 220625                                        Tel.: (202) 663-6000
E-mail: dalberti@feinday.com                          Fax: (202) 663-6363
Marc Belloli (*pro hac vice*)
CA I.D. 244290                                        David C. Marcus (*pro hac vice*)
E-mail: mbelloli@feinday.com                          CA I.D. 158704
FEINBERG DAY ALBERTI & THOMPSON LLP                   E-mail: david.marcus@wilmerhale.com
1600 El Camino Real, Suite 280                        WILMER CUTLER PICKERING HALE AND
Menlo Park, CA 94025                                  DORR LLP
Tel.: (650) 618-4360                                  350 South Grand Ave, Suite 2100
Fax: (650) 618-4368                                   Los Angeles, CA 90071
                                                      Tel.: (213) 443-5300
                                                      Fax: (213) 443-5400

*Counsel for Plaintiffs Intellectual Ventures I*      *Counsel for Defendants PNC Financial*
*LLC and Intellectual Ventures II LLC*                *Services Group, Inc. and PNC Bank, N.A.*