IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and<br>INTELLECTUAL VENTURES II LLC,<br><br>            Plaintiffs,<br><br>    v.<br><br>PNC FINANCIAL SERVICES GROUP, INC.<br>and PNC BANK, N.A.,<br><br>            Defendants. | Civil Action No. 2:13-cv-00740-AJS<br><br>U.S. District Judge Arthur J. Schwab<br><br>**ELECTRONICALLY FILED** |

### DEFENDANTS PNC FINANCIAL SERVICES GROUP, INC.'S AND PNC BANK, N.A.'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Nearly two months after the Case Management Order's deadline for amending the pleadings, plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "IV") seek to make numerous amendments to the complaint, including (1) adding a new party, (2) re-pleading allegations of indirect infringement it abandoned in its infringement contentions, and (3) identifying accused products in addition to those set forth in the original complaint. IV has already expanded the scope (and the schedule) of this case once, when it served contentions asserting 78 separate patent claims against more than 12 products and services. It now seeks to further expand the case, which would again require the preparation and filing of additional contentions under the Local Patent Rules and a further extension of the procedural schedule to account for IV's ever-changing infringement theories.

IV's motion should be denied for any of three reasons. *First*, IV fails to address the relevant standard in the Third Circuit for amending a complaint after the deadline set forth in the procedural schedule. Instead, IV's motion only addresses the lower Rule 15(a)(2) standard for

1

amending a pleading *in the absence of* a Case Management Order deadline.  **Second**, IV's proposed amendments fail to meet the correct, heightened standard because they (1) are not based on any knowledge recently acquired by IV and (2) were not diligently sought.  **Third**, even under the lower and more liberal Rule 15(a)(2) standard for amendment, IV's motion should be denied because its proposed amendments would be futile as well as prejudicial to PNC and third parties because the amendments would (1) require further extensions to the procedural schedule, (2) require re-submission of noninfringement and invalidity contentions, and (3) delay resolution of this action.  Accordingly, PNC respectfully requests that the Court deny IV's motion with prejudice.

## FACTS

On May 29, 2013, IV filed a complaint asserting that PNC infringes five patents: U.S. Patent No. 7,664,701 ("the '701 Patent"), U. S. Patent No. 7,603,382 ("the '382 Patent"), U.S. Patent No. 6,182,894 ("the '894 Patent"), U.S. Patent No. 8,083,137 ("the '137 Patent"), and U.S. Patent No. 7,757,298 ("the '298 Patent").  The '701, '382, '894, and '137 Patents generally relate to business methods involving the use of the Internet.  The '298 Patent is also directed to a business method, but rather than relating to the Internet, the '298 Patent is directed toward detecting unauthorized electronic files on a computer system.  For each of the five patents, IV asserted one claim against one product or service.  *See* Dkt. No. 1.

The Court entered a stipulated Case Management Order on July 15, setting an August 14 deadline for moving to amend the pleadings or add new parties.  *See* Dkt. No. 38.  Neither party sought to amend the pleadings before that date.  On August 16, IV served its infringement contentions.  It asserted 78 of 99 possible patent claims against 12 services/products, thereby

more than doubling the number of services/products at issue in the case and increasing the number of asserted claims by a factor of 15.

In response, on August 21, PNC filed an emergency motion to limit the number of asserted claims and accused products, or, in the alternative, to adjust the case schedule. *See* Dkt. No. 45. The Court granted in part PNC's motion, permitting IV to expand the case, but allowing the parties to jointly file an amended scheduling order in light of the increased complexity of the case. *See* Text Order (Aug. 26, 2013).

IV's August 16, 2013 infringement contentions do not accuse any product or service made, used, sold, offered for sale, or imported by PNC or any PNC-related entity of infringing the '298 Patent. Instead, the contentions accuse only software products sold by a third-party, Trustwave Holdings Co. ("Trustwave"), whom IV has not sued (and whom, even now, IV is not seeking to add as a party). Further, in those contentions, IV only asserts that PNC directly infringes under 35 U.S.C. § 271(a). With respect to indirect infringement under 35 U.S.C. § 271(b) and (c), IV's contentions state only that:

> To the extent that any limitation of this element is challenged as not directly infringed by PNC, PNC infringes this claim indirectly by inducing and/or contributing to the direct infringement including by PNC's customers and/or Trustwave. IV will supplement this contention if and when PNC makes any assertion that direct infringement of this claim is not present.

Lantier Decl., Ex. A, p. 7 [IV's '298 Patent Infringement Contentions].

But because PNC does not "make[], use[], sell[], offer[] for sale, or import" the accused product, it cannot directly infringe the '298 Patent. Thus, on August 30, PNC sent a letter to IV advising that PNC does not directly infringe any of the accused products and explaining why the information provided in IV's infringement contentions is insufficient to support IV's continued

assertion of the '298 Patent against PNC. *See* IV Mot., Ex. C [2013-08-30 Letter from Lantier to Day].

The parties thereafter exchanged correspondence on this issue and discussed the relationship between PNC Merchant Services Co. ("PNCMS") and Trustwave. PNCMS is a Delaware general partnership formed by PNC and First Data Merchant Services Corp. ("First Data") in 1996 to deliver non-cash, payment processing products and services. PNC owns 60% of PNCMS, the other 40% being owned by First Data, an independent provider of payment processing services that is not a party to this case. Like PNC, PNCMS is not in the business of providing antivirus or security software to customers.

As ordered, on September 6, the parties jointly proposed a revised Case Management Order. *See* Dkt. No. 49. The revised schedule did not request an extension of the deadline for amending the pleadings or joining additional parties. The amended scheduling order was subsequently entered by the Court on September 9. *See* Dkt. No. 51.

On October 7, one day before PNC served its noninfringement and invalidity contentions, IV filed the present motion for leave to file an amended complaint. *See* Dkt. No. 54. In its proposed amendments, IV seeks to expand the scope of this action by: (1) adding PNCMS as a party, (2) re-pleading its indirect infringement allegations, and (3) adding to the complaint all of the accused products and services set forth in its August 16, 2013 infringement contentions.

IV's motion only discusses the first category of these proposed amendments and does not attach a redline of the amendments IV actually seeks to make to the complaint. Attached as Exhibit B to this motion is a redline document that shows the numerous amendments IV actually proposes.

# ARGUMENT

IV's motion fails for three independent reasons.

## I. IV Has Failed to Address the Requirements for Amendment Under Rule 16(b)(4)

IV's motion must be denied because IV has not addressed the relevant standard for amending pleadings in contravention of a Case Management Order. District courts in the Third Circuit apply a two-part test to determine whether amendment of the pleadings should be allowed *after* the deadline for amending the pleadings set forth in the scheduling order has passed. In such cases, the court must first apply "[h]eightened scrutiny" to determine whether to amend the scheduling order under Rule 16 so as to retroactively extend the deadline for amending the pleadings. *Dominion Retail, Inc. v. Rogers*, No. 2:11-cv-0023, 2012 WL 566424, at *2 (W.D. Pa. Feb. 21, 2012). Rule 16(b)(4) provides that a scheduling order "may be modified *only for good cause* and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added). Thus, the moving party must *first* demonstrate good cause to extend the deadline to amend the pleadings. *See Karlo v. Pittsburgh Glass Works, LLC*, No. 10-1283, 2011 WL 5170445, at *2 (W.D. Pa. Oct. 31, 2011) ("[T]his Court's sisters within the Third Circuit have consistently reached the same conclusion: a party seeking to amend the pleadings *after the deadline set by the Court* must satisfy the requirements of Rule 16(b)(4)—i.e., they must show 'good cause.'").

Second, if (and only if) the moving party meets its burden, the court must then turn to the additional standard set forth in Rule 15(a)(2), which provides district courts with discretion to allow amendments to pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Velto v. Reliance Standard Life Ins. Co.*, No. 10-cv-01829 (DMC-JAD), 2011 WL 810550, at *4 (D.N.J. Mar. 1, 2011) ("Accordingly, Plaintiff is required to show 'good cause' to amend the Pretrial Scheduling Order to extend the deadline to amend pleadings before the Court can

5

address Plaintiff's motion for leave to amend under Rule 15(a)."). But if the plaintiff is unable to make the requisite showing under Rule 16(b)(4), the court need not evaluate the proposed amendment under Rule 15(a)(2). *Velto*, 2011 WL 810550, at *7, n.3 ("Since Plaintiff has failed to show good cause under Rule 16, the Court need not conduct an analysis of the proposed amended pleadings under Rule 15(a)."); *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 118, 122 (W.D. Pa. 2010) ("Having found that the requested amendment is not permitted under Rule 16, the Court's analysis can end here."). Courts in the Third Circuit have therefore denied motions for leave to amend pleadings where *either* the moving party has failed to carry its burden under Rule 16(b)(4), *or* the nonmoving party has demonstrated that it would be unjust to allow the pleadings to be amended under Rule 15(a)(2). *See, e.g., Velto*, 2011 WL 810550, at *2–3, *7 (denying plaintiff's motion to amend complaint under two-part test where plaintiff was unable to show good cause to amend the court's scheduling order under Rule 16(b)(4)); *Karlo*, 2011 WL 5170445, at *3–4 (denying plaintiff's motion to amend complaint under Rule 16(b)(4)); *Graham*, 271 F.R.D. at 118 (denying plaintiff's motion to amend complaint under both Rules 16(b)(4) and 15(a)(2)); *Componentone, L.L.C. v. Componentart, Inc.*, No. 02:05cv1122, 2007 WL 2580635, at *2 (W.D. Pa. Aug. 16, 2007) (same).

In its motion, IV does not identify, much less attempt to satisfy, the heightened standard. Instead, IV argues that, "[p]ursuant to Federal Rule of Civil Procedure 15(a)(2), the Court should freely grant leave to amend its pleading to add a party defendant when justice so requires." IV

Mot. ¶ 20.[1] The only decision IV cites in support of its motion was entered in an action ***in which there was no deadline for amending the pleadings set forth in a Case Management Order***. *See New Eng. Interconnect Sys., Inc. v. AEES, Inc.*, No. 10-0758, 2011 WL 2118853 (W.D. Pa. May 27, 2011) (Lancaster, J.); Lantier Decl., Ex. C (Scheduling Order) (no deadline for amendment of pleadings).

Given that IV filed its motion for leave to amend the complaint more than seven weeks after the Court-imposed deadline for amending the pleadings, IV's motion is governed by the heightened standard set forth in Rule 16(b)(4). IV simply does not address the relevant standard and its motion should be denied on the basis that IV has necessarily failed to meet its burden.

II.  **IV Has Failed to Demonstrate Good Cause to Amend the Scheduling Order Under Rule 16(b)(4)**

Even assuming that IV had cited the correct legal standard, the facts show that IV does not have good cause to amend the scheduling order so as to extend the deadline for amending the pleadings. The "good cause" standard of Rule 16(b)(4) requires diligence by the moving party. There is no "good cause" unless the plaintiff demonstrates both that it (1) could not have known the facts underlying the potential claim before the deadline to amend has passed and (2) was diligent in filing the motion. *See Karlo*, 2011 WL 5170445, at *3-4; *see also Dimensional Commc'ns, Inc. v. OZ. Optics, Ltd.*, 148 F. App'x 82, 85 (3d Cir. 2005). Here, IV cannot demonstrate either prong of this test.

***First***, IV knew the facts it now relies upon to accuse PNCMS of infringing the '298 Patent long before the August 14, 2013 deadline for amending the pleadings. Indeed, ***all but one***

---

[1] IV also cites to Rule 21, which applies specifically to misjoinder and nonjoinder of parties, and courts' authority to join parties "on just terms." Fed. R. Civ. P. 21. However, "[i]n the Third Circuit, [t]he standard for adding or dropping parties under Rule 21 has been held to be the same as for allowing amendments under Rule 15." *Econ. Transp., Inc. v. Softmark Prods., Inc.*, No. Civ. 92-2621, 1992 WL 247214, at *2 (E.D. Pa. Sept. 28, 1992) (internal quotation mark omitted).

of the documents IV cites in its motion were produced with PNC's Initial Disclosures on July 29, 2013. *See* IV Mot. ¶¶ 17–18. Thus, IV had in its possession the facts needed for its infringement claims against PNCMS for almost three weeks prior to the Court-ordered deadline for amending the pleadings, and had them for ten weeks before it filed the instant motion.[2]

Further, IV could easily have discovered these facts prior to filing the original complaint, as they were readily available on the Internet. *See, e.g.*, PNC, *Merchant Services*, https://www.pnc.com/webapp/unsec/Blank.do?siteArea=/pnccorp/PNC/Home/Small+Business/Merchant+Services/Merchant+Services+About. These webpages also discuss Trustwave's role with respect to the accused technology. *See, e.g.*, PNC, *Easy PCI DSS Validation with PNC and Trustwave*, https://www.pnc.com/webapp/unsec/Blank.do?siteArea=/pnccorp/PNC/Home/Small+Business/Merchant+Services/Payments+Security/Security+Solutions/Trustwave ("PNC Merchant Services® has teamed up with Trustwave®—a leading provider of compliance and information security—to provide validation services to our merchant clients at a preferred price."). Indeed, in the original complaint, IV cites to some of these very webpages. *See, e.g.*, Dkt. No. 1, ¶ 46. Thus, any information that IV purportedly acquired during discovery about PNCMS's role with respect to the accused technology was readily available to IV before filing suit.

***Second***, IV already had the opportunity to seek an extension of the deadline for amending pleadings and joining parties when the Court granted in part PNC's motion for emergency relief. But rather than seek permission to amend the complaint then, on September 6, IV submitted a stipulated Amended Case Management Order to the Court that did not include any amendment to

---

[2] IV admits that as of July 29, 2013, it knew the identities of three individuals having knowledge of PNCMS's services and marketing based on PNC's Initial Disclosures. *See* IV Mot. ¶ 13.

8

the August 14, 2013 deadline for amending the pleadings. IV offers no explanation for its failure to do so. Thus, IV cannot demonstrate good cause under Rule 16(b)(4) because it has offered no evidence showing that it diligently filed its motion for leave. *Cf. Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) ("When a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied."). Instead, the facts show that IV should have known about PNCMS long before the date on which it filed the present motion.

### III. IV's Proposed Amendments Should Also Be Denied Under the More Liberal Standard of Rule 15(a)(2)

IV's failure to carry its burden of proof under Rule 16(b)(4) is dispositive of its motion. Nevertheless, IV's motion should be denied for the additional reason that granting the motion would be unjust and therefore should be disallowed under Rule 15(a)(2).

Rule 15(a)(2) provides that once the period for amending the pleadings as a matter of course has passed, and in the absence of written consent by the opposing party, a party may amend its pleadings by seeking leave of court. *See* Fed. R. Civ. P. 15(a)(2). Under Third Circuit law, leave to amend should not be granted when equitable considerations render it unjust, and "[a]mong the factors that may justify denial of leave to amend are undue delay, bad faith, and futility." *Arthur*, 434 F.3d at 204 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Brand Mktg. Grp., LLC v. Intertek Testing Servs. NA, Inc.*, No. 12cv1572, 2013 WL 4735383, at *1 (W.D. Pa. Sept. 3, 2013) (Schwab, J.) (denying motion for leave to file amended pleadings). Further, a motion for leave to amend the complaint should be denied if it prejudices the opposing party. *See Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978).

### A. IV's Proposed Amendments Would Be Futile

Under Third Circuit law, the standard of legal sufficiency set forth in Rule 12(b)(6) determines whether a proposed amendment would be futile. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Thomas v. Piccione*, No. 13-425, 2013 WL 5566505, at *3 (W.D. Pa. Oct. 9, 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Each of the three categories of amendments IV now seeks to make would be futile. ***First***, permitting IV to amend the complaint to add PNCMS as a party would be futile because PNCMS, like PNC, does not "make[], use[], sell[], or offer[] for sale" the Trustwave software IV identified in its infringement contentions. In support of its amendment, IV has done nothing more than identify and rely upon a statement on PNC's website that PNCMS has "teamed up" with Trustwave to allege that PNCMS is "offering for sale" Trustwave's software products. The law is clear, however, that making an "offer for sale" requires far more than "teaming up" with the company that sells a product. *See MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1376 (Fed. Cir. 2005) ("We have defined liability for an 'offer to sell' under section 271(a) according to the norms of traditional contractual analysis. Thus, the defendant must communicate[] a manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." (internal quotation marks and citations omitted)). IV has not, and cannot, set forth good faith factual allegations that PNCMS engages in those activities. Therefore, even if IV

were granted leave to amend, the new allegations against PNCMS would be subject to dismissal pursuant to Rule 12(b)(6).[3] Accordingly, the amendment would be futile.

*Second*, IV's request for permission to re-plead its allegations of indirect infringement would be futile because IV is now barred by this district's Local Patent Rules from asserting indirect infringement. Local Patent Rule 3.2 required IV to "be as specific as possible" when identifying infringing acts, LPR 3.2, and to "include in its infringement contentions all facts known to it," *Best Med. Int'l, Inc. v. Accuray, Inc.*, No. 2:10-cv-1043, 2011 WL 3652519, at *3 (W.D. Pa. Aug. 19, 2011) (internal quotation marks omitted). As set forth above, IV's August 16, 2013 infringement contentions do not set forth any facts supporting an allegation of indirect infringement. IV cannot circumvent the requirements of the Local Patent Rules by making a late amendment to the complaint to include more specific allegations of indirect infringement. *Cf. Samsung SDI Co. v. Matsushita Elec. Indus. Co.*, No. 05-1680, 2007 WL 4300613, at *1–2 (W.D. Pa. July 17, 2007) (precluding patentee from raising doctrine of equivalents infringement theory where the issue was not mentioned in the patentee's infringement contentions).

*Third*, IV's request for permission to amend the complaint to identify the accused products specified in its August 16, 2013 infringement contentions is futile because the Court already ruled that the Complaint is not required to identify each accused product when it denied the portion of PNC's emergency motion that sought to so limit IV's contentions. *See* Text Order (Aug. 26, 2013) (denying PNC's request to limit the accused products to those enumerated in the original complaint). Indeed, in opposing PNC's motion, IV took precisely the opposite position that it now appears to be taking:

---

[3] Because IV lacks a factual and legal basis for asserting the '298 Patent against PNC, PNC advised IV that it would seek Rule 11 sanctions if IV did not dismiss with prejudice its direct infringement claims with respect to that patent. *See* IV Mot., Ex. C [2013-08-30 Letter from Lantier to Day]; IV Mot., Ex. D [2013-09-06 Letter from Lantier to Day].

> PNC also surprisingly asserts, without any authority whatsoever, that a plaintiff cannot identify "Accused Instrumentalities" in its LPR 3.2 infringement contentions that were not identified in the Complaint. That PNC cites no authority whatsoever for this extraordinary proposition surprises not at all, since it is directly contrary to the case law which does not require a Complaint always to identify even one accused product, much less all of them. And it cannot be reconciled with the express language of LPR 3.2, which requires identification of each asserted claim, and each Accused Instrumentality accused of infringing that claim.

Dkt. No. 47, p. 2. Thus, IV has already successfully argued that the amendment it now seeks to make would be futile.

### B. IV's Proposed Amendments Would Prejudice PNC and Third Parties

Under Third Circuit law, prejudice to the opposing party is "the touchstone for the denial of leave to amend." *Cornell & Co., Inc.*, 573 F.2d at 823. Prejudice may include "burdens imposed by additional discovery, cost, and preparation to defend against new facts or legal theories." *Reginella Const. Co. v. Travelers Cas. & Sur. Co. of Am.*, --- F. Supp. 2d ---, No. 12-1047, 2013 WL 4778840, at *7 (W.D. Pa. Sept. 5, 2013). Discovery-related prejudice, in particular, often renders granting a motion for leave to amend pleadings unjust. *See Brand Mktg. Grp.*, 2013 WL 4735383, at *4 (citing *CMR D.N. Corp. v. City of Phila.*, 703 F.3d 612, 629 (3d Cir. 2013)). Further, "[i]n determining whether an amendment is prejudicial to the opposing party, the court should consider . . . the degree to which amendment of the pleadings would needlessly delay the final disposition of the case." *Derzack v. Cnty. of Allegheny, Pa.*, 173 F.R.D. 400, 420 (W.D. Pa. 1996), *aff'd*, 118 F.3d 1575 (3d Cir. 1997); *see also Young v. Beard*, No. 06-160, 2007 WL 1799641, at *1 (W.D. Pa. June 19, 2007) (finding that allowing the plaintiff to add two new defendants "would only serve to delay the disposition of the instance case").

The timing and scope of IV's proposed amendments is prejudicial for at least three reasons. ***First***, IV's amendment is contrary to the framework of the Local Patent Rules and is

therefore manifestly unfair to PNC, which has already undertaken great expense to respond to IV's prior infringement contentions. As discussed above, permitting IV to amend its complaint would provide IV an avenue by which to add to its infringement contentions two months after it was required by LPR 3.2 to "be as specific as possible" in setting forth final infringement contentions. And although the Local Patent Rules allow amendments or modifications to infringement contentions "if made in a timely fashion and asserted in good faith and without purpose of delay," LPR 3.7, the "Rules aim to prevent the vexatious shuffling of positions that could occur if the parties are permitted to freely modify their infringement contentions at any point in the action," *Sightsound Techs., LLC v. Apple Inc.*, No. 11-1292, 2013 WL 203537, at *2 (W.D. Pa. Jan. 17, 2013) (internal quotation marks omitted). Thus, IV should not be permitted to amend its complaint so as to accomplish what it would otherwise be unable to do under the Local Patent Rules—i.e., modify its infringement theories in its infringement contentions. Allowing IV to skirt the Local Patent Rules through a late amendment to its complaint would unquestionably be unfair to PNC.

    *Second*, IV's proposed amendments will needlessly delay final disposition of this case. In light of the new allegations and infringement theories IV seeks to add, PNC will need to perform additional discovery and serve new noninfringement and invalidity contentions. This process may require additional adjustments to the Court's scheduling order. This case has already been substantially delayed because of IV's failure to timely set forth its infringement theories. This additional delay would be prejudicial to PNC. *See Derzack*, 173 F.R.D. at 420.

    *Third*, the additional discovery and amended contentions will impose burdens on PNC as well as third-party First Data, insofar as IV seeks to add PNCMS as a defendant. As discussed above, PNCMS is not a wholly owned subsidiary of PNC. PNCMS is a joint venture between

PNCMS and First Data, and First Data owns 40% of the company. If IV is permitted to add PNCMS as a defendant now, First Data would incur responsibilities and burdens similar to those imposed on a named defendant, not the least of which includes discovery obligations. Thus, IV's amendments would prejudice PNC and First Data alike.

Finally, denying IV's motion for leave to amend the complaint does not prejudice IV because IV does not now have, nor did it ever have, a legally cognizable cause of action against PNCMS. As discussed above, PNCMS does not make, use, sell, or offer for sale the accused products and therefore cannot be held liable for direct infringement. Thus, the denial of IV's motion would leave IV in the same position it was in when it filed its infringement contentions. *See Brand Mktg. Grp.*, 2013 WL 4735383, at *5–6 (citing *Averbach v. Rival Mf'g Co.*, 879 F.2d 1196, 1203 (3d Cir. 1989)) (weighing prejudice that would result from granting a motion to amend against the prejudice that would result from denying the motion). In light of the substantial prejudice to PNC and First Data that would be caused by allowing IV to amend the complaint, and the lack of prejudice to IV if it were not permitted to broaden its infringement theories, IV's motion for leave to amend the complaint should be denied.

## CONCLUSION

For the reasons stated herein, PNC respectfully requests that this Court deny with prejudice IV's Motion for Leave to File an Amended Complaint.


Dated: October 16, 2013                    Respectfully submitted,

                                           By: */s/ Thomas L. Allen*
                                               Thomas L. Allen (PA I.D. 33243)
                                               Justin J. Kontul (PA I.D. 206026)
                                               REED SMITH LLP
                                               225 Fifth Avenue
                                               Suite 1200
                                               Pittsburgh, PA 15222

Tel.: (412) 288-3131  
Fax: (412) 288-3063  
Email: tallen@reedsmith.com  
Email: jkontul@reedsmith.com

James L. Quarles III (*pro hac vice*)  
DC I.D. 359079  
Email: james.quarles@wilmerhale.com  
Gregory H. Lantier (*pro hac vice*)  
DC I.D. 492043  
Email: gregory.lantier@wilmerhale.com  
Jonathan L. Hardt (*pro hac vice*)  
DC I.D. 979619  
Email: jonathan.hardt@wilmerhale.com  
WILMER CUTLER PICKERING HALE AND DORR LLP  
1875 Pennsylvania, Ave NW  
Washington DC, 20006  
Tel.: (202) 663-6000  
Fax: (202) 663-6363

David C. Marcus (*pro hac vice*)  
CA I.D. 158704  
Email: david.marcus@wilmerhale.com  
WILMER CUTLER PICKERING HALE AND DORR LLP  
350 South Grand Ave, Suite 2100  
Los Angeles, CA 90071  
Tel.: (213) 443-5300  
Fax: (213) 443-5400

Monica Grewal (*pro hac vice*)  
MA I.D. 659449  
Email: monica.grewal@wilmerhale.com  
WILMER CUTLER PICKERING HALE AND DORR LLP  
60 State Street  
Boston, MA 02109  
Tel.: (617) 526-6223  
Fax: (617) 526-5000

*Counsel for Defendants and Counterclaim-Plaintiffs PNC Financial Services Group, Inc. and PNC Bank, N.A.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 16, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.

Dated:  October 16, 2013          */s/ Thomas L. Allen*